**55 So.2d 233**

**ALEXANDER v. PRENTICE et al.**
**No. 40481.**
Nov. 5, 1951.

Alwine L. Mulhearn and Jack H. Folk, Tallulah, for defendant-appellant.

McIntosh, Sims & Hester, Oak Grove, for plaintiff-appellee and respondent.

PONDER, Justice.

In these proceedings the relator seeks to prevent the distribution of funds until his appeal has been acted upon.

Charlie Alexander, the respondent, brought suit against C. B. (Buck) Prentice, relator, and others, seeking to partition by licitation a tract of land situated in East Carroll Parish, known as Mascot Plantation, alleging that he was the owner of a three-fourth interest in the property. The relator opposed the suit on the grounds that the property could be divided in kind and that he was the owner of a one-half interest in the property. On trial of the case, the lower court gave judgment decreeing the respondent the owner of an undivided three-fourths interest in the property and the relator the owner of the remaining one-fourth interest. The property was ordered sold and the proceeds divided in proportion to the interest of the parties. The relator was granted an order of appeal to be suspensive upon giving bond in the amount of $2,500.00 and devolutive upon giving bond in the amount of $500.00 The relator filed a bond in the amount of $2,500.00. The bond was contested and the relator filed a new bond calling for a like amount. This bond was also contested and the lower court decreed the bond to be void for lack of sufficient surety. Thereafter, the relator filed the transcript in this court. The property was advertised and sold in

pursuance to the judgment of the lower court and a portion of the funds derived therefrom is now in the custody of the lower court. After the property was sold, the relator applied for and was granted a temporary restraining order, directing the sheriff to hold the funds pending a ruling on the appeal. After hearing the injunction proceeding, the lower court revoked the restraining order and dismissed the proceedings for the reason that the proceedings were not signed by the relator and no bond was posted in connection therewith. The lower court gave judgment in favor of the respondent in the amount of $150.00 for attorney's fees incurred in opposing the injunction proceedings. The relator applied to this court for writs of mandamus and prohibition. The writs were granted, a stay order was issued and a rule was issued directing the respondent to show cause why the writs should not issue. The matter has been submitted for our determination.

The relator contends that the one-fourth of the funds in dispute should be held in the custody of the court until the ownership of it be determined on appeal. He states that he is willing for the respondent to receive one-half of the funds derived from the sale of the property but he is, entitled to receive one-half of these funds instead of one-fourth, as awarded him by the judgment of the lower court.

At the outset, we might point out that there is no evidence in the record as to the solvency of the sureties on the appeal bond.

It would appear, from a reading of the record, that the evidence touching the solvency of the sureties was not reduced to writing and there is no statement of facts in the record to enlighten us.

 The appeal bond was given to suspend the judgment of the lower court fixing the interest of the parties, ordering the sale of the property and the distribution of the funds. The appeal was not taken from a portion of the judgment but from the judgment as a whole. After the appeal bond had been declared void by the lower court, the property was advertised and sold. The relator took no steps to have the ruling on the bond reviewed prior to the sale of the property but stood idly by after the appeal bond had been decreed void and permitted the property to be sold. This court has always endeavored to sustain appeals, if possible, but rules of precedure cannot be disregarded in order to meet changing positions taken by litigants. If the bond was excessive and the sureties solvent, the relator had ample opportunity and a remedy to perfect his appeal. Moreover, there is nothing in the record to indicate the extent of the solvency of the sureties on the bond. If the relator had appealed from that portion of the judgment of which he is now complaining, a bond for cost might have been sufficient. As the matter stands, we cannot recast the bond or change the order of appeal. Under the circumstances, we would not be justified in suspending the distribution of the funds.

We express no opinion as to whether the bond is sufficient for a devolutive appeal because there is nothing in the record to indicate the extent of the solvency of the sureties.

For the reasons assigned, the rule is denied and the writs are recalled. All costs to be paid by relator.